

# THE ATTORNEY GENERAL
# OF TEXAS

July 9, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Gary Garrison    Opinion No. JM-743
Ector County Attorney
Courthouse, Room 218    Re: Liability for medical costs
Odessa, Texas  79761    of an individual in a county jail
                 awaiting a hearing for violation
                 of parole conditions

Dear Mr. Garrison:

You ask whether the Texas Department of Corrections or the county of incarceration is responsible for the payment of medical care for a parole violator held in county jail pending a parole violation hearing.

The Adult Parole and Mandatory Supervision Law defines parole and mandatory supervision as the release of a prisoner from imprisonment but not from the legal authority of the state. Code Crim. Proc. art. 42.18, §2. Every prisoner on parole or mandatory supervision remains in the legal custody of the institution from which he was released but is subject to the orders of the Board of Pardons and Paroles. Code Crim. Proc. art. 42.12, §15(f)(3). If there is reason to believe that a parolee has violated a condition of his parole, the Board of Pardons and Paroles may issue a warrant authorizing the officers named in the warrant to take the parolee into "actual custody." Code Crim. Proc. art. 42.12, §21(a). The due process requirements of <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972), require that the parolee be given a revocation hearing at or near the location of the alleged violation. Pending the hearing on a charge of parole violation or violation of conditions of mandatory supervision, "a prisoner returned to custody shall remain incarcerated." Code Crim. Proc. art. 42.12, §21(a); art. 42.18, §14(a); 37 Texas Administrative Code §145.45(g). The Board of Pardons and Paroles may require a county sheriff to accept a prisoner of the board pending a parole revocation hearing. Representatives of a county where a parolee is detained on the basis of a prerevocation warrant issued by the Board of Pardons and Paroles may not transfer the parolee to the Texas Department of Corrections before completion or waiver of the required hearing. Attorney General Opinion JM-615 (1987).

Counties are liable for medical expenses of prisoners "confined in or kept under guard in the county jail." Code Crim. Proc. art. 104.002. Although there is an exception in article 104.002 for

prisoners transferred from another county "on a change of venue, for safekeeping, or for a habeas corpus hearing," there is no exception for prisoners awaiting hearings on parole revocation. The Texas Department of Corrections is responsible for the medical care of prisoners "confined therein." V.T.C.S. art. 6166g. See generally Attorney General Opinion JM-730. You suggest that because a parolee is in the legal custody of the Department of Corrections, he should be considered to be "confined" in the Department of Corrections rather than county jail for purposes of determining liability for medical care.

Article 6166g makes the Texas Department of Corrections responsible for the medical care "of prisoners confined therein." Cf. Attorney General Opinion JM-580 (1986) (authority of TDC to assume medical cost of hospitalization of infant born to an inmate). Even though a prisoner incarcerated in a county jail pending a parole violation hearing is in the legal custody of the Department of Corrections he is in the actual custody of the county jail. We find no basis for construing the term "confined therein" in article 6166g to be synonymous with legal custody. Absent any indication of contrary legislative intent, we must read "confined therein" in its ordinary meaning. Gov't. Code §311.011(a) (words shall be construed according to common usage). The ordinary meaning of "confine" is "to restrain within limits." Webster's New International Dictionary (2d ed.). See Attorney General Opinion JM-730. A prisoner incarcerated in a county jail is not confined in the department of corrections. We conclude, therefore, that a county is responsible for medical care for a parole violator incarcerated in a county jail pending a parole revocation hearing pursuant to article 104.002.

### S U M M A R Y

Medical care for a parole violator incarcerated in a county jail pending a parole revocation hearing is the responsibility of the county under the provisions of article 104.002 of the Code of Criminal Procedure.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton and
Sarah Woelk
Assistant Attorney General